UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GRACE YADOR | * | |
| | * | |
| *Plaintiff,* | * | |
| v. | * | Case No. 1:26-cv-00416-JMC |
| | * | 1:26-cv-00379-ABA |
| JETRO HOLDINGS, LLC, ET AL. | * | |
| | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Plaintiff, Grace Yador ("Platiniff"), initiated the present lawsuit on November 16, 2025, in state court against Defendant Jetro Holdings, LLC ("Defendant Jetro Holdings"), and Defendant Gulfstream Produce, Inc ("Defendant Gulfstream"). (ECF No. 6). Plaintiff asserts a negligence claim against Defendant Jetro Holdings, LLC, (Count I) and a strict product liability claim against both Defendants (Count II). (ECF No. 6 at 2, 4).[1] Presently pending before the Court is Defendant Gulfstream's Motion to Dismiss Count II against it. (ECF No. 9). Defendant Jetro Holdings has not joined the motion, and it filed its Answer on February 9, 2026. (ECF No. 11). The motion has been fully briefed (ECF Nos. 9, 17, 18) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth herein, Defendant Gulfstream's Motion to Dismiss (ECF No. 9) shall be granted without prejudice and with leave to amend.

## I.      BACKGROUND

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

The instant litigation arises from an alleged accident at a grocery store.  (ECF No. 6 at 2). Plaintiff alleges that on November 17, 2022, she was a customer at Defendant Jetro Holdings's warehouse grocery store located at 3405 Annapolis Road, Baltimore MD 21227 (the "Store"). *Id.* Plaintiff entered the Store with the intent to purchase produce items.  *Id.*  Plaintiff alleges that she approached the produce section and saw "cardboard boxes of sweet potatoes stacked on a wooden pallet."  *Id.* She avers "[t]he boxes had 'cut out' slots for customers to grab with their hands in order to carry the boxes."  *Id.* "The available boxes of sweet potatoes were stacked at the rear of the pallet, which indicated to Plaintiff that the boxes nearest the shopping aisle were already taken by other customers."  *Id.*

Therefore, Plaintiff alleges that "[i]n order to get a box of sweet potatoes off a stack on the pallet, and because Plaintiff had been previously instructed by store employees that all purchases were 'grab and go' without assistance by store employees," Plaintiff "stepped up, onto the pallet and pulled a box at the top of the boxes of sweet potatoes, so as to place it onto her shopping cart." *Id.* at 3.  As Plaintiff placed her right hand into one of the slots at the top of a box, she indicates she "pulled on the box in order to expose the second handle on the other side" and "the slotted cutout handle broke away, causing Plaintiff to fall backward, off the pallet and onto the floor."  *Id.* As a result, Plaintiff alleges serious, permanent injuries from the fall.  *Id.*

Relevant to the instant motion, Plaintiff brought suit against both Defendant Jetro Holdings, the Store's owner, and Defendant Gulfstream, the alleged manufacturer, packager, and distributor of the sweet potatoes. *Id.* at 4. With respect to Defendant Gulfstream, Plaintiff alleges that the cardboard box with the "cut out" handle was "unreasonably dangerous when it left Defendant Gulfstream's control in that the box contained no or insufficient warnings that the handle was insufficient to carry the weight of the potatoes."  *Id.* at 4.  Further, she alleges it was

"reasonably foreseeable that the foresaid poor design of the box would cause the heavy box of potatoes to fall, thereby causing the customer holding the box to fall onto the ground and become seriously injured." *Id.* The Complaint further posits that there existed "alternative means of providing a way for the customers to carry the heavy boxes of potatoes which would not have caused the box to break at the handles" and that the box of potatoes "had not undergone any substantial change in condition from the time that it left Gulfstream's possession." *Id.* at 5.

## II.   STANDARD OF REVIEW

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. Nat'l Flood Ins. Program*, 885 F. Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F. Supp. 2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

### III.    ANALYSIS

Defendant Gulfstream argues that Plaintiff's product liability claim against it must be dismissed because it "fails to allege that the Defendant Gulfstream designed, manufactured, or sold the allegedly defective product." (ECF No. 9 at 4).  Maryland courts have adopted a strict liability standard as the basis for product liability claims.  *See Phipps v. Gen. Motors Corp.*, 278 Md. 337, 241-41, 363 A.2d 955 (1976).  In so doing, the Court specifically adopted the elements of the tort as set out in § 402A of Restatement (Second) of Torts (1965).  *See id.* In *Phipps's* wake, Courts have come to recognize that in order to recover in a strict liability case, "a plaintiff need not prove any specific act of negligence; he must merely prove that the product was in a defective condition *and* unreasonably dangerous at the time it was sold."  *Klein v. Sears, Roebuck and Co.*, 92 Md. App. 477, 484-85, 608 A.2d 1276 (Md. Ct. Spec. App. 1992).

"The defect may be one that occurred in the manufacturing process, in which case the product does not conform to the manufacturer's own standards, or it may be a defect in design, in which case what proves to be a defect was actually intended by the manufacturer."  *Id.* at 485.  A plaintiff must also prove that the defect caused the injuries and that the alleged defective product "was expected to and did reach the consumer" without any "substantial change" in its condition. *Phipps*, 278 Md. at 341-44.  At issue here is an alleged defect due to a failure to warn that the box handles were "insufficient to carry the weight of the potatoes," and an alleged design defect because the cut out handle broke away when she pulled it.  *See  generally* (ECF No. 6).  However, it will not be necessary to consider the nuances of each specific claim, as the Court finds that the Complaint fails to plausibly allege the elements necessary to meet the minimum *Phipps* standard.

    **A.    The Complaint Fails to Allege that Defendant Gulfstream Expected the Potatoes to be Sold in Substantially the Same Condition.**

Defendant Gulfstream argues that the Complaint fails to allege and cannot plausibly allege that "Gulfstream had any affirmative expectation that the allegedly defective container would reach consumers without a change in condition." (ECF No. 9-1 at 5). Defendant Gulfstream clarifies, "Gulfstream is not a manufacturer of boxes of potatoes, and the Complaint does not allege that it is. Rather, Gulfstream is alleged to be in the business of growing and selling agricultural products for distribution through downstream retailers." *Id.* Thus, Defendant Gulfstream posits that "[t]he container in which the potatoes were ultimately displayed and handled at the retail level was not fixed, predetermined, or controlled by Gulfstream." *Id.* In response, Plaintiff proposes an amendment to Complaint which would clarify the allegations such that the Complaint would allege "Defendants manufactured, packaged and/or distributed the sweet potatoes and boxes in which they were shipped from Gulfstream, through a chain of distribution, ultimately offered for sale at Defendant Jetro's place of business." (ECF No. 17-1 at 4-5). Plaintiff offers no case law in support of its opposition. (ECF No. 17-1).

Liability attaches only where the defendant is engaged in the business of selling a particular product and expects that particular product to reach the user or consumer in substantially the same condition. *Phipps*, 278 Md. at 341-44. Under the Maryland approach, strict liability for a product and its packaging arises where the product and its packaging are "purchased by the user or consumer as an integrated whole" and where it is anticipated that the container and its contents will be "sold as a unit." *See id*; *see also* Restatement (Second) of Torts § 402A (1965), Comment h. The Restatement (Second), Comment h, uses as an illustration a carbonated beverage contained in a weak plastic bottle. Restatement (Second) of Torts § 402A (1965), Comment h. Considering a product like that, "[t]he container cannot logically be separated from the contents when the two are sold as a unit." *Id.*

No such allegation exists here.  The Complaint fails to allege facts sufficient to support an inference that Defendant Gulfstream expected the potatoes to be sold at the Store as a unit with the cardboard box, or even that the cardboard box would be used as storage for the potatoes at the premises.  (ECF No. 6).  Similarly, as Defendant points out, the Complaint is devoid of any allegations that Defendant Gulfstream expected the cardboard box in which the potatoes were packaged as expected to be consumed by retail customers in the manner alleged, that is, stacked on top of a palette.  (ECF No. 6 at 3).  Thus, the Complaint fails to support a plausible inference of the requisite integration necessary to impute liability for the cardboard box packaging to Defendant based on the present allegations available for review. *Phipps*, 278 Md. at 341-44. Therefore, the Complaint fails to allege that the cardboard boxes were "expected to and did reach the consumer" without any substantial change in its condition. *Id.*

**B.      The Complaint Fails to Allege Causation with Respect to Defendant Gulfstream.**

In its Reply brief, Defendant emphasizes that the Plaintiff's Opposition and proposed amendment does not address the issue of causation, an allegation Defendant asserts fails as a matter of law.[2]  "Causation is a necessary element of any strict liability action." *Owens–Illinois, Inc. v. Armstrong*, 326 Md. 107, 117, 604 A.2d 47 (1992).  Maryland courts recognize a presumption with regard to causation, that is, a plaintiff "would have heeded a legally adequate warning had one been given." *U.S. Gypsum Co. v. Mayor and City Council of Baltimore*, 336 Md. 145, 647 A.2d 405, 413 (1994). This presumption does not, however, relieve a plaintiff of the requirement

---

[2] Defendant further asserts that "misuse is evidence from the face of the Complaint" because she used "the box handle to support her balance during her climb atop the pallet of sweet potatoes."  (ECF No. 18 at 4).  At this early stage, and taking all inferences in the light most favorable to Plaintiff, the Court declines to dismiss the Complaint on this basis, as discovery would necessarily clarify whether a person reaching for a box at a grocery store to pick up the potatoes constitutes an unforeseeable misuse on the part of the Plaintiff with respect to the potato producer. *Stalnaker v. GMC*, 934 F. Supp. 179, 181 (D. Md. 1996) ("misuse is not a defense, but is the absence of proof by plaintiff of a required element for product liability recovery") (citing *Ellsworth v. Sherne Lingerie, Inc.*, 303 Md. 581, 596-98 (1985)).

that she must adequately allege causation in the first place. *See Lowe v. Sporicidin Intern.*, 47 F.3d 124, 131 (4th Cir.1995) (upholding dismissal of a failure-to-warn claim because plaintiff's "sole allegations as to causation were the very general assertions that 'as a direct and proximate result of the allegations set forth in' the summarily pleaded counts").

Here, Plaintiff alleges that the defect in the box was a poor design such that the box was insufficiently strong to carry the weight of the potatoes under the circumstances she alleges. (ECF No. 6 at 4). As Defendant points out, the Complaint fails to set forth facts showing how there would be any causal relationship between the weight of the potatoes and the handle breaking away when Plaintiff reached upward and pulled on it after stepping onto the palette. Where the Complaint includes conclusory causation language, those allegations cannot save the Complaint without more. *Lowe*, 47 F.3d at 131. Plaintiff offers no argument in its Opposition that addresses this issue. (ECF No. 17-1). Rather, Plaintiff "asks the Court to consider that causation has been alleged in the Complaint." *Id.* at 5. The Court further observes a noteworthy difference between the facts underlying the causation element with respect to Jetro concerning Jetro's placement of the potato box on the palette, and the lack of factual support underlying the conclusory allegation that the box handle caused Plaintiff's injuries because the potatoes were too heavy for the box. (ECF No. 6 at 3-4). While the nexus between the allegations concerning Defendant Jetro Holdings's actions and the alleged injury are sufficient to support a plausible inference of causation at the motion to dismiss stage, the same cannot be said for those allegations concerning Defendant Gulfstream.

Therefore, the Complaint fails to plead a plausible claim entitling Plaintiff to an inference of causation, and the Motion to Dismiss must be granted.

    **C.**    **To the Extent that Plaintiff Seeks Leave the Amend the Complaint in Her Opposition Brief, Leave is Granted.**

Federal courts may grant leave to amend freely. Fed. R. Civ. P. 15(a). However, courts need not grant leave to amend when it "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). When a court lacks subject matter jurisdiction and the proposed amendment fails to cure the jurisdictional deficit, the "amendment is therefore futile under Rule 15(a)." *Smith v. Maryland,* Civil Action No. RDB–11–2007, 2012 WL 3596098, at *7 (D. Md. Aug. 20, 2012); *see also MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RBD-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

Here, the Court is satisfied that granting leave to amend is appropriate. The Opposition includes an explicit request for leave to amend the Complaint and refers to several facts not contained in the Complaint. (ECF No. 17-1).  Plaintiff shall have twenty-eight days from the entry of this Opinion and Order in which to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, it is this 20th day of March, 2026, hereby ORDERED that Defendant Gulfstream Produce Inc.'s Motion to Dismiss (ECF No. 9) is GRANTED without prejudice and with leave to amend.  Should Plaintiff wish to file an Amended Complaint, she shall do so within twenty-eight (28) days of the date of this Memorandum Opinion and Order, at which time Defendant shall file an answer or other responsive pleading, including another motion to dismiss if appropriate, within twenty-one (21) days therefrom.

Dated: March 20, 2026                                           _____/s/_____

                                                                            J. Mark Coulson
                                                                            United States Magistrate Judge